IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, on behalf of its agency, the United States Small Business Administration <br><br> Plaintiff, <br><br> vs. <br><br> WALNUT INVESTMENT PARTNERS, L.P. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. Action No. 1:14-cv-965 |

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Walnut Investment partners, L.P. ("WIP") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of WIP to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of WIP's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managers, officers, directors, investment advisors and other agents of WIP under applicable state and federal law, by the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited partnership, in

1

addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The managers, officers, directors, investment advisors and agents of WIP are hereby dismissed and the powers of the general partner are hereby suspended, with the exception that (a) James M. Gould shall continue to represent WIP on the Board of Directors of the following WIP portfolio concerns: (i) The O'Gara Group, Inc.; (ii) Marian Heath Greeting Cards, LLC; and (iii) Seed Media Group, LLC on the terms set by, and at the sole discretion of, the Receiver and (b) that Frederic H. Mayerson shall continue to represent WIP on the Board of Directors of the following WIP portfolio concerns: (i) PECO Logistics, LLC; and (ii) Marian Heath Greeting Cards, LLC on the terms set by, and at the sole discretion of, the Receiver. Unless otherwise set forth herein, the managers, officers, directors, investment advisors and agents of WIP shall have no authority with respect to WIP's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of WIP and shall pursue and preserve all of its claims.

3. The past and/or present general partners, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of WIP, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to WIP and its assets and all other assets and property of the corporation, whether real or personal. The General Partner and/or other agent of WIP, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of WIP as well as the names, addresses and amounts of claims of

all known creditors of WIP. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of WIP are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of WIP, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to WIP, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if WIP had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of WIP, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without

further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. WIP's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of WIP and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, upon reasonable notice, answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WIP. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of WIP, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to WIP, the Receiver shall make its discovery request(s) in compliance with the notice, subpoena and other Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) WIP, (ii) any assets of WIP, (iii) the Receiver for WIP or (iv) WIP's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their

official capacity with WIP, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court. Except that PECO Logistics, LLC, v. Walnut Investment Partners, L.P., Walnut Private Equity Fund, L.P., MK Capital SBIC, L.P., MK Capital, L.P., The Productivity Fund IV, L.P., The Productivity Fund IV Advisors Fund, L.P., Greenrange Partners 12, LLC, Greenrange Partners, LLC, and James Ozanne, Case No. 9978-CVP currently pending in the Court of Chancery of the State of Delaware, shall be excluded from such injunction and the action shall be allowed to proceed in the Court of Chancery of the State of Delaware.

8. All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) WIP, (ii) any of assets of WIP, (iii) the Receiver for WIP or (iv) WIP's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for WIP are stayed in their entirety, and all courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court. Except that PECO Logistics, LLC, v. Walnut Investment Partners, L.P., Walnut Private Equity Fund, L.P., MK Capital SBIC, L.P., MK Capital, L.P., The Productivity Fund IV, L.P., The Productivity Fund IV Advisors Fund, L.P., Greenrange Partners 12, LLC, Greenrange Partners, LLC, and James Ozanne, Case No. 9978-CVP currently pending in the Court of Chancery of the State of Delaware, shall be excluded from such stay and the action shall be allowed to proceed in the Court of Chancery of the State of Delaware.

9. Further, as to a cause of action accrued or accruing in favor of WIP against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. WIP and its past and/or present managers, general partner or limited partners, officers, directors, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of WIP to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of WIP, from the SBA, up to $2,000,000, and is authorized to cause WIP to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of WIP, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of WIP.

12. This Court determines and adjudicates that WIP has violated the Small Business Investment Act, 15 U.S.C. 661 et. seq, and the Regulations promulgated thereunder at 13 C.F.R. §107.1 et. seq, as alleged in the Complaint filed in this matter.

13. After completing its activities in accordance with this Order, the Receiver may recommend that WIP s license as an SBIC be revoked and that control of the limited partnership be returned to WIP's general partner and/or its designee or successor in interest.

**SO ORDERED** this 1st day of DECEMBER, 2014.

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY WALNUT INVESTMENT PARTNERS, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

WALNUT INVESTMENT PARTNERS, L.P.

By: Walnut Investment Holdings CO, LLC
Its General Partner


_____
By: Frederic H. Mayerson, a Managing Member

*[signature]*
By: James M. Gould, a Managing Member


_____
By: Daniel Staton, a Managing Member


_____
By: Joseph Gantz, a Managing member

U.S. SMALL BUSINESS ADMINISTRATION


By: _____
   Thomas G. Morris, Director
   Office of SBIC Liquidation

7

13. After completing its activities in accordance with this Order, the Receiver may recommend that WIP s license as an SBIC be revoked and that control of the limited partnership be returned to WIP's general partner and/or its designee or successor in interest.

**SO ORDERED** this 1st day of DECEMBER, 2014

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY WALNUT INVESTMENT PARTNERS, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

WALNUT INVESTMENT PARTNERS, L.P.

By: Walnut Investment Holdings CO, LLC
Its General Partner


_____
By: Frederic H Mayerson, a Managing Member


_____
By: James Gould, a Managing Member

_____
By: Daniel Staton, a Managing Member


_____
By: Joseph Gantz, a Managing Member

U.S. SMALL BUSINESS ADMINISTRATION


By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

13. After completing its activities in accordance with this Order, the Receiver may recommend that WIP's license as an SBIC be revoked and that control of the limited partnership be returned to WIP's general partner and/or its designee or successor in interest.

**SO ORDERED** this _____ day of _____, 20__.

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY WALNUT INVESTMENT PARTNERS, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

WALNUT INVESTMENT PARTNERS, L.P.

By: Walnut Investment Holdings CO, LLC
Its General Partner

_____
By: Frederic H. Mayerson, a Managing Member

_____
By: James M. Gould, a Managing Member

_____
By: Daniel Staton, a Managing Member

_____
By: Joseph Gantz, a Managing member

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

7

13. After completing its activities in accordance with this Order, the Receiver may recommend that WIP s license as an SBIC be revoked and that control of the limited partnership be returned to WIP's general partner and/or its designee or successor in interest.

**SO ORDERED** this _____ day of _____, 20__.

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY WALNUT INVESTMENT PARTNERS, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

WALNUT INVESTMENT PARTNERS, L.P.

By: Walnut Investment Holdings CO, LLC
Its General Partner


_____
By: James Gould, a Managing Member


_____
By: Frederic Mayerson, a Managing Member


_____
By: Daniel Stanton, a Managing Member


_____
By: Joseph Gantz, a managing member

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

7

Case 1:14-mc-00272 Document 1 Filed 12/31/14 USDC Colorado Page 11 of 11
Case: 1:14-cv-00965-SJD Doc #: 3 Filed: 12/23/14 Page: 11 of 11 PAGEID #: 19

13. After completing its activities in accordance with this Order, the Receiver may recommend that WIP s license as an SBIC be revoked and that control of the limited partnership be returned to WIP's general partner and/or its designee or successor in interest.

SO ORDERED this 23rd day of Dec, 2014

_____
THE HONORABLE
UNITED STATES DISTRICT COURT JUDGE

SEEN AND AGREED BY WALNUT INVESTMENT PARTNERS, L.P. AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

WALNUT INVESTMENT PARTNERS, L.P.

By: Walnut Investment Holdings CO, LLC
Its General Partner

_____
By: Frederic H Mayerson, a Managing Member

_____
By: James Gould, a Managing Member

_____
By: Daniel Staton, a Managing Member

_____
By: Joseph Gantz, a Managing Member

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
   Thomas G. Morris, Director
   Office of SBIC Liquidation

7